UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
NEW SON YENG PRODUCE, LLC,

              **MEMORANDUM & ORDER**

       Plaintiff,    07-CV-4292(KAM)(RML)

  -against-


A&S PRODUCE, INC.,

       Defendant.
------------------------------------X

**MATSUMOTO, United States District Judge:**

   Plaintiff New Son Yeng Produce, LLC ("NSY" or "plaintiff") commenced this action alleging violations of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a ("PACA") based on defendant's alleged failure to pay for $254,917.07 worth of produce allegedly sold and delivered to defendant A&S Produce, Inc. ("A&S" or "defendant") by NSY. Currently before the court is defendant's motion to dismiss for lack of personal jurisdiction and improper venue, or, in the alternative, to transfer the action to the Central District of California.  For the following reasons, defendant's motion is granted in part and the action is transferred to the Central District of California.

## BACKGROUND

Defendant A&S is a California corporation engaged in selling and buying produce on the West Coast as well as other states.  A&S does not have an office, bank accounts, real property or employees in New York.  (Chun Aff. ¶ 27-29.)  For approximately five years, A&S has had a business relationship with plaintiff NSY.  (Chun Aff. ¶ 13; Yin Aff. ¶ 7.)  NSY is a New York corporation located in Brooklyn, New York.

There is significant dispute between the parties about the facts giving rise to this lawsuit.  Plaintiff alleges that, pursuant to an agreement entered into between defendant A&S, represented by its president, Ha Yun Chun, and plaintiff NSY, represented by Jimmy Sithol Yin, it delivered garlic to the defendant for which defendant only paid $50,000 of the $254,917.07 allegedly owed to NSY.  (Yin Aff. ¶ 11.)  Plaintiff alleges that "[t]he formation of the agreement was in the State of New York" and that the $50,000 received from defendant's principal Ha Yun Chun, was a down-payment for the garlic and was personally delivered by Mr. Chun to Mr. Yin in New York in March 2007.  (Yin Aff. ¶ 12, Exh. B.)

Defendant asserts that it does not owe NSY payment for the garlic because it was not a party to the agreement.  (Chun Aff. ¶ 4.)  Defendant proffers that it merely facilitated an introduction and agreement into which plaintiff entered with a

2

separate corporation, Mama Cuisine, Inc., for the sale of garlic. (Chun Aff. ¶ 6.) Mama Cuisine is a California corporation, located in Los Angeles, California, engaged in importing from Pacific Rim countries and selling international agricultural produce in the United States. (Lee Aff. ¶ 8-9.) Mama Cuisine does business with A&S; however, there is no ownership relationship between them. (Lee Aff. ¶ 12.) According to defendant, Mr. Chun of A&S introduced Mr. Yin of NSY to Jae Kwon Lee, the president of Mama Cuisine, Inc., at a lunch meeting in California because Mr. Yin expressed interest in entering the garlic importing business on the West Coast. (Lee Aff. ¶ 15.)

Mr. Lee of Mama Cuisine allegedly agreed to help NSY import garlic, to buy some garlic from NSY in California, and to help distribute garlic on the West Coast, if it was of adequate quality and met the standards of the United States and California. (Lee Aff. ¶ 18.) According to Mr. Lee, he traveled to New York with Mr. Chun in March 2007 and gave NSY $50,000 toward the garlic Mama Cuisine intended to purchase. (Lee Aff. ¶ 22.) The garlic arrived in California from China with quality problems and it was rejected by a distributor upon delivery. (Lee Aff. ¶ 23-24.) Mr. Lee informed NSY of the problems with the garlic. (Lee Aff. ¶ 26.) NSY informed Mr. Lee that they would sell the garlic to other buyers. (Lee Aff. ¶ 27.)

3

Ultimately, Mr. Lee allegedly assisted NSY in selling the garlic to distributors in Los Angeles, California. (Lee Aff. ¶ 43.)

In his affidavit, Mr. Lee indicated that, in addition to himself, several of Mama Cuisine's employees have information about NSY and the garlic transaction at issue in this action. (Lee Aff. ¶ 49.) Among these individuals are 1) Peter Chong, who was responsible for handling Mama Cuisine's business relations with NSY, 2) Jody Lee, Mama Cuisine's accounting staff, 3) Paul Paik, Mama Cuisine's salesperson, and 4) Yong Park, a Mama Cuisine manager. (Lee Aff. ¶ 52.)

In October 2007, NSY commenced the instant action against A&S alleging violations of the PACA based on defendant's alleged failure to pay for $254,917.07 worth of garlic allegedly sold and delivered to A&S by NSY. A&S brought the instant motion to dismiss this action for lack of personal jurisdiction and improper venue pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3). Alternatively, A&S moves for an order transferring this case to the Central District of California pursuant to 28 U.S.C. § 1404. A&S argues that this case is more appropriately litigated in California where the underlying transactions occurred and where several witnesses, including Mama Cuisine's officers and employees, are located.

## DISCUSSION

"The question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum."  Leroy v. Great Western United Corp., 443 U.S. 173, 180 (1979).  Since, however, "neither personal jurisdiction nor venue is fundamentally preliminary in the sense that subject matter is . . . when there is a sound prudential justification for doing so, . . . a court may reverse the normal order of considering personal jurisdiction and venue."  Id.

The defendant's motion presents questions with regard to personal jurisdiction in New York because A&S has conducted some business in New York, but it is not immediately apparent from the affidavits and pleadings that A&S does sufficient business in New York to establish "presence" pursuant to New York's long-arm statute, N.Y. C.P.L.R. § 301.  Similarly, it is far from clear that defendant's business with plaintiff is sufficient to give rise to personal jurisdiction under N.Y. C.P.L.R. § 302.  In contrast, a transfer of venue of this action is clearly justified.  Thus, this case presents an instance of "sound prudential justification" for considering the issue of venue before that of personal jurisdiction.  Accordingly, the court addresses the issue of venue in the first instance and

5

finds that the balance of factors weighs heavily in favor of transfer to the Central District of California pursuant to 28 U.S.C. § 1404(a).

### I.  Venue

When determining a Rule 12(b)(3) motion to dismiss for improper venue, the court applies the same standard of review as it does when deciding a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction.  If the court chooses to rely on pleadings and affidavits, the plaintiff need only make a prima facie showing of venue.  Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 355 (2d Cir. 2005).

Section 1391(b) of 28 United States Code states,

> [a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to a claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Section 1391(c) of 28 United States Code provides that "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction."

6

Pursuant to section 1404(a) of the 28 United States Code, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." Generally, plaintiff's forum choice should not be disturbed unless the "balance of factors tips heavily in favor of a transfer." <u>Pergo, Inc. v. Alloc, Inc.</u>, 262 F. Supp. 2d 122, 129 (S.D.N.Y. 2003).  For the following reasons, the court finds that the balance of factors tips heavily in favor of a transfer of this action to the Central District of California.

## II.   **Transfer of Venue**

Courts have discretion under Section 1404(a) to transfer cases according to "individualized, case-by-case consideration of convenience and fairness." <u>Stewart Org., Inc. v. Ricoch Corp.</u>, 487 U.S. 22, 29 (1988) (quotations omitted). The court must first determine if the action could have been brought in the proposed transferee forum.  <u>Walker v. Jon Renau Collection, Inc.</u>, 423 F. Supp. 2d 115, 116-117 (S.D.N.Y. 2005). Here, although plaintiff opposes transfer, plaintiff does not dispute that the action could have been brought in the Central District of California.  Indeed, pursuant to 28 U.S.C. § 1391(b)(1) and (2), the Central District of California is a proper venue for this action because the defendant resides in the Central District of California and because a "substantial

7

part" of the events giving rise to this lawsuit occurred in the Central District of California.

A motion to transfer under § 1404(a) requires the court "to weigh in the balance a number of case-specific factors," Stewart Org., Inc., 487 U.S. at 29, in "consideration of convenience and fairness." Id. The factors a court should consider when deciding a motion to transfer include the interests of the litigants and the interests of the public. Pergo, 262 F. Supp. 2d at 129 (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)). The private interests of the litigants include: (1) the plaintiff's choice of forum, (2) the locus of the operative facts, (3) the convenience and relative means of the parties, (4) the convenience of witnesses, (5) the availability of process to compel the attendance of witnesses, (6) the location of physical evidence, including documents, (7) the relative familiarity of the courts with the applicable law, and (8) the interests of justice, including the interest of trial efficiency. Frasca v. Yaw, 787 F. Supp. 327, 330-33 (E.D.N.Y. 1992); see also Pergo, 262 F. Supp. 2d at 129 (quoting Gulf Oil Corp., 330 U.S. at 508).

Public interests include 1) administrative difficulties that follow from court congestion, and 2) a local interest in having localized controversies decided at home, such as a jury comprised of people from a community with a relation

8

to the litigation and holding the trial in the view and reach of
the community with which the case relates.  Pergo, 262 F. Supp.
2d at 129.

     With respect to private factors (1) and (2), the
location of operative events is a "primary factor" in
determining a 1404(a) motion to transfer, Smart v. Goord, 21
F. Supp. 2d 309, 316 (S.D.N.Y. 1998), and when operative events
occurred outside of the plaintiff's chosen forum, the factor of
the plaintiff's chosen forum is given less weight.  Id. at 315.
Further, factor (3), the witnesses' convenience, is generally
viewed as the most important factor in the analysis.  Walker,
423 F. Supp. 2d at 117.  The moving party must clearly specify
the witnesses who will be called and the substance of their
testimony.  Id.

     **a. Locus of Operative Facts**

     Here, the parties dispute whether there was an
agreement and, if there was, whether it was formed in New York.
Nevertheless, almost all, if not all, of the events giving rise
to this litigation took place in California.  Three of the four
companies allegedly engaged in the transactions – A&S,
Greenland, and Mama Cuisine – are incorporated in California and
maintain their offices, employees, physical operations,
documents and finances in California.  These companies are in
the business of importing, distributing, and/or storing

9

agricultural produce and focus their operations in California
and the West Coast.  The transactions alleged by plaintiff and
giving rise to this action involve the importation of garlic
from China to California, where it was stored by Greenland in
California, and inspected by and ultimately sold to California
businesses.  Furthermore, plaintiff clearly contemplated
performance of the agreement – whether it was with Mama Cuisine
or with A&S – in California.

        In contrast, New York has almost no connection to the
case, other than the fact that the plaintiff is located here and
that A&S allegedly delivered a single payment to NSY in New
York.  In light of the foregoing, the court finds that the locus
of operative facts weighs in favor of transfer.

        **b. Witnesses**

        The court further finds that the convenience of the
witnesses weighs in favor of transfer.  "The relevant
consideration for the purposes of convenience is the location of
the party and nonparty witnesses." Pergo, 262 F. Supp. 2d at
130.  In its Memorandum of Law and supporting affidavits,
defendants represent that the testimony of several California-
based witnesses is "necessary to show that A&S did not purchase
the subject garlic and is not responsible for the invoices, and,
even if, arguendo, it did make the purchase, the garlic was
deficient and unsalable on delivery." (Def. Mem. at 25.)  These

                                10

witnesses include five A&S employees who will testify as to
A&S's regular practices and that A&S's records do not show that
A&S purchased the garlic in dispute; four present and former
Greenland employees with knowledge of NSY's storage of garlic at
Greenland; four Mama Cuisine witnesses, including two with
information about the problems with NSY's garlic and Mr. Lee and
Peter Chong, who have knowledge of Mama Cuisine's agreement with
NSY; and two individuals who inspected the garlic at issue in
this action.

        Furthermore, although defendant's employees could be
compelled through process to appear in New York, other witnesses
who are important to defendant's defenses cannot be compelled to
appear in New York.  None of the witnesses identified by the
defendant as having knowledge critical to its defense can be
compelled to travel to New York to testify at deposition and the
trial.  Many of these witnesses stated a clear preference not to
have to travel to New York for this case.  (Def. Mem. at 25.)
Therefore, not only would it be inconvenient for these witnesses
to come to New York, but defendant could not compel their
appearance if they chose not to come voluntarily.

        In contrast, plaintiff has only identified three
witnesses who would need to travel from New York to California.
Of these, two are Mr. Yin and Ms. Anna, the principal of NSY and
his wife.  It can hardly be said that these individuals would be

11

significantly inconvenienced considering that they initiated business in California.  Furthermore, NSY is currently defending an action against it by Mama Cuisine in California State Court, Mama Cuisine, Inc. v. New Son Yeng Produce, LLC, BC403041 (Sup. Ct. Ca.), in which the California State Court recently held that California has jurisdiction over NSY.

### c. Other Factors

Finally, the court finds that other factors weigh in favor of transfer.  Defendant represents that both parties are medium-sized businesses, as are Mama Cuisine and Greenland. (Def. Mem. at 27.)  Therefore, their financial burdens of litigation are equal.  Although "the quantity of documents in this case is not likely great," to the extent that the storage facilities where the garlic was kept need to be inspected, venue is more appropriate in California.  Litigation has not progressed so much in the Eastern District of New York that transfer at this juncture would constitute a waste of this court's resources so far spent on the case.  Furthermore, there is a local interest in having this controversy decided in California, where the operative events occurred.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the complaint or in the alternative transfer this action is granted in part and denied in part.  The motion to transfer is granted, and the Clerk of the Court is directed to transfer this action to the Clerk for the United States District Court for the Central District of California.  In other respects, the motion is denied.


**SO ORDERED.**


Dated: August 19, 2009
       Brooklyn, New York


                    _____   /s/_____
                    KIYO A. MATSUMOTO
                    United States District Judge
                    Eastern District of New York

13